IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RENITA L. BAILEY, individually and as the representative of a class of similarly situated individuals,**<br><br>Plaintiff,<br><br>v.<br><br>**MV TRANSPORTATION, INC.**<br><br>Defendant. | Case No. 1:20-cv-5375<br><br>(Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2020CH05336) |

## NOTICE OF REMOVAL

Defendant MV Transportation, Inc., ("MVTI" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based upon jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), and a federal question, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(b), and 1446. In support of its Notice of Removal, Defendant states the following:

*The State Court Action*

1. On August 11, 2020, Plaintiff Renita L. Bailey ("Plaintiff") filed a putative class action complaint ("Complaint") in the Cook County Circuit Court, captioned *Renita L. Bailey, individually and as the representative of a class of similarly situated persons v. MV Transportation, Inc.,* Case No. 2020CH05336 (the "Action"). The Complaint alleges two counts for violation of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA").

2. Defendant was served with a copy of the Summons and the Complaint on August 14, 2020. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C.

§ 1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons and Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3. This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint and this case becoming removable, as permitted by 28 U.S.C. § 1446(b).

4. Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "All persons whose fingerprint, fingerscan, or other biometric identifier or biometric information was collected, captured, or otherwise obtained, or disclosed by MV Transportation within the State of Illinois." (the "Class"). (Ex. 1, Compl., ¶ 19.) Plaintiff notes "MVTI's officers and directors and any member of the judiciary presiding over this action are excluded from the class." (*Id.*)

5. Plaintiff alleges that Defendants violated her rights and the rights of the Class under BIPA by:

- Failing to make a written policy with retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store publicly-available to Plaintiff and the Class in violation of 740 ILCS 14/15(a) (*See Id.*, ¶¶ 23(c), (g).);

- Failing to inform Plaintiff and the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, in violation of 740 ILCS 14/15(b)(1) (*See Id.*, ¶¶ 23(d), (j).);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometrics were being captured, collected, stored, and used, in violation of 740 ILCS 14/15(b)(2) (*See Id.*, ¶¶ 23(e), (l).);

- Failing to first obtain written releases executed by Plaintiff and the Class in violation of 740 ILCS 14/15(b)(3) (*See Id.*, ¶¶ 23(f), (n).);

- Selling, leasing, trading, or otherwise profiting from the biometric information of Plaintiff and the Class (*See Id.*, ¶ 23(p).); and

2

- Disclosing the biometric information of Plaintiff and the Class to third parties (*See Id.*, ¶ 23(o).)

6.  Plaintiff seeks class certification, a finding that MVTI violated BIPA, liquidated monetary damages on behalf of herself and the Class for each time MVTI collected, captured, or otherwise obtained biometric identifiers or information of herself and the Class in violation of BIPA, injunctive relief, and reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses. (*Id.*, Prayer for Relief.)

### *Jurisdiction and Venue*

7.  Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.  As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

9.  Additionally, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1331, because it is a civil action that presents a federal question.

### *CAFA Jurisdiction*

10.  Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions and alleged damages.

and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

11. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

12. Here the named Plaintiff and Defendant are citizens of different states and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000.

13. Plaintiff is a citizen of Illinois. (Ex. 1, Compl., ¶ 4.)

14. Defendant MVTI is incorporated under the laws of the State of California, and maintains its principal place of business in Dallas, Texas. Therefore, Defendant is a citizen of California and Texas, not Illinois. (**Exhibit 2**, Declaration of Cristina Pereira at ¶ 4.)

15. Thus, diversity for purposes of CAFA is satisfied because the Named Plaintiff is a citizen of Illinois and Defendant is a citizen of California and Texas.

16. Defendant MVTI is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

17. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that she worked at MVTI's location in Peoria, Illinois, from 2019 to 2020. *See* Complaint ¶ 11. Plaintiff alleges she was required to provide her fingerprint or fingerscan in connection with its payroll/time-keeping/employment system. *See* Complaint ¶ 12. MVTI has 13 different divisions in Illinois. (Ex. 2, Pereira Decl., ¶ 11.) Plaintiff worked at MVTI Division 36. (Ex. 2, Pereira Decl., ¶¶ 5-6.) While Defendant denies that the timeclock system captured biometrics of Plaintiff or the Class as alleged in the Complaint, within the state of Illinois, approximately 162 MVTI employees have completed the time clock system enrollment since 2019

that included scanning a portion of the employee's fingertip. (Ex. 2, Pereira Decl., ¶ 13.) Accordingly, the putative class consists of more than 100 individuals.

18. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, her pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

19. Plaintiff alleges Plaintiff and the Class are entitled to the "maximum applicable liquidated damages provided under BIPA for each time MVTI collected, captured, or otherwise obtained his or her biometric identifier or biometric information." *See* Ex. 1, Compl., ¶ 38. Plaintiff further alleges MVTI's conduct was reckless and therefore seeks $5,000 in liquidated damages for each time MVTI intentionally or recklessly collected, captured, or otherwise obtained her and each Class members' biometric identifier or biometric information in violation of BIPA. *See* Ex. 1, Compl., ¶¶ 36-37, 44, and Prayer for Relief § D; 740 ILCS 14/20. There have been approximately 162 MVTI employees who enrolled in the timekeeping system that scans a portion of the employee's fingertip since 2019. (Ex. 2, Pereira Decl., ¶ 13.) Plaintiff further alleges MVTI violated BIPA in at least six different ways with respect to each putative Class member. *See supra,* ¶ 5. Moreover, if each time an employee clocks in and out is a separate violation of BIPA (which Defendant does not concede), then if an employee clocks in and out at the start of the day, the end of the day and for a meal break, the amount in controversy for a single shift of work for a single employee may be up to $20,000 (4 time punches * $5,000 per willful violation). For a single work week of clocking in and out for a putative class member, the amount in controversy may be up to $100,000. Accordingly, the liability across the putative class for a single week of clocking in and out may be up to $16,200,000, exclusive of attorneys' fees.

20. While Defendant denies the validity and merit of all of Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

21. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.[2]

### *Federal Question Jurisdiction*

22. The Court has original jurisdiction under 28 U.S.C. § 1331 of Plaintiff's claims because they are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498-499 (7th Cir. 1996)

23. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). To ensure uniform interpretations of a CBA, federal law preempts the use of state contract law in the interpretation and enforcement of a CBA. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

24. "If the resolution of a state law claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement, the application of state law is preempted and

---

[2] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C. § 1332(d)(3) and (4). It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

federal labor law principles must be employed to resolve the dispute." *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 499 (7th Cir. 1996); *see also Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 797 (7th Cir. 2013) (Section 301 preemption "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract.")

25. The Seventh Circuit recently affirmed the application for Section 301 preemption to BIPA claims brought by unionized employees. *See Miller v. Southwest Airlines*, Co., 926 F.3d 898 (7th Cir. 2019) (holding that BIPA claims are preempted by the Railway Labor Act.); *see also Fernandez v. Kerry, Inc.*, Case No. 17-c-8971, 2020 WL 1820521, at *6 (N.D. Ill. Apr. 10, 2020) ("[T]he important point [in *Miller*] is that the Seventh Circuit has concluded that it is not possible to resolve a BIPA dispute over fingerprint time clocks without reference to the collective bargaining agreement."); *Gray v. Univ. of Chi. Med. Ctr., Inc.*, Case No. 19-cv-04229 2020 WL 1445608 (N.D. Ill. Mar. 25, 2020) (applying *Miller* and holding that BIPA claims are preempted by the LMRA); *Peatry v. Bimbo Bakeries USA, Inc.*, Case No. 19-c-2942, 2020 WL 919202 (N.D. Ill. Feb. 26, 2020) (same.)

26. Plaintiff began her employment with MVTI as a Driver on October 9, 2019 at Division 36 in Peoria, Illinois. Ex. 2, Pereira Decl., ¶¶ 5-7. At that time, a collective bargaining unit was in place at Division 36 - the Labor Contract between MVTI and Local No. 416 of the Amalgamated Transit Union (the "Division 36 CBA"). Ex. 2, Pereira Decl., ¶ 7. Plaintiff was a member of this bargaining unit, joined Local No. 416, and authorized the deduction of union membership dues, including initiation fees as well as currently monthly dues and assessments of Local No. 416 from her wages. Ex. 2, Pereira Decl., ¶¶ 7, 10. The Division 36 CBA provides for

Management Rights, including MVTI's sole and exclusive right to manage its business. Ex. 2, Pereira Decl., ¶ 9.

27. In order for this Court to determine whether Plaintiff can prevail on her claims under BIPA, the Court would be required to construe the terms of the applicable CBAs to determine whether MTVI satisfied BIPA's requirements.

28. Therefore, Plaintiff's BIPA claims are completely preempted by Section 301.

29. Moreover, CBAs apply to the other MVTI divisions in Illinois where individuals have completed the time clock system enrollment that included scanning a portion of the employee's fingertip. Ex. 2, Pereira Decl., ¶ 12. There are other putative class members who are members of bargaining units based at MVTI's other divisions in Illinois and subject to the terms and conditions of their applicable CBAs. Therefore, the claims of other putative class members are pre-empted by the LMRA.

### Compliance With Procedural Requirements

30. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the Complaint on August 14, 2020.

31. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Renita Bailey as required by 28 U.S.C. § 1446(d), through her attorneys, Phillip A. Bock, David M. Oppenheim, Molly E. Stemper, of Bock, Hatch, Lewis & Oppenheim, LLC, 134 N. La Salle Street, Suite 1000, Chicago, IL 60602, service@classlawyers.com.

32. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of

Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

33. Defendant MVTI files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant MV Transportation, Inc., hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: September 11, 2020 Respectfully Submitted,

*s/ Patricia J. Martin*
Patricia J. Martin, ARDC #6288389
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
pmartin@littler.com
Phone: 314-659-2000

Jennifer L. Jones, ARDC # 6309353
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
jeljones@littler.com
Phone: 312-372-5520

*Attorneys for Defendant MV Transportation, Inc.*

## **CERTIFICATE OF SERVICE**

 I, Patricia J. Martin, an attorney, certify that I caused a copy of the foregoing document to be served upon the below attorneys of record via e-mail on September 11, 2020:

Phillip A. Bock
David M. Oppenheim
Molly E. Stemper
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
service@classlawyers.com

              */s/ Patricia J. Martin*
              One of Defendants' Attorneys

4811-4086-6761.3 072247.1205