**12-Person Jury**

Hearing Date: 12/9/2020 9:30 AM - 9:30 AM
Courtroom Number: 2008
Location: District 1 Court
Cook County, IL

FILED
8/11/2020 1:21 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

10063098

FILED DATE: 8/11/2020 1:21 PM   2020CH05336

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| RENITA L. BAILEY, individually and as the representative of a class of similarly situated persons, ) ) ) ) | |
| Plaintiff, ) ) | No. 2020CH05336 |
| v. ) ) | **CLASS ACTION** |
| MV TRANSPORTATION, INC., ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) | |

## CLASS ACTION COMPLAINT

NOW COMES Renita L. Bailey, on behalf of herself and all others similarly situated ("Plaintiff"), by counsel and, upon personal knowledge as to facts known to her and otherwise upon information and belief following investigation of counsel, alleges as follows against MV Transportation, Inc. ("MVTI"):

### INTRODUCTION

1. This case seeks relief from MVTI's practice of collecting "biometric identifiers" or "biometric information" ("biometrics") from employees in Illinois in violation of the Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), an Illinois statute regulating and protecting the privacy of biometrics.

2. MVTI has collected, captured, or otherwise obtained biometrics (including fingerprints or fingerscans) from Plaintiff and others working in its Illinois locations and facilities, and has done so (a) without first disclosing in writing that it was collecting or capturing biometrics, and the specific purpose and

**EXHIBIT 1**

length of term for which the biometrics were being collected, stored, and used and (b) without first obtaining informed written consent or an executed release. Upon information and belief, MVTI has no publicly available retention schedule and guidelines for permanently destroying biometrics when the initial purpose for collecting or obtaining such biometrics has been satisfied or within 3 years of the individual's last interaction with MVTI, whichever occurs first.

3. Plaintiff seeks relief for herself and a class of all others similarly situated.

## PARTIES

4. Plaintiff, Renita L. Bailey, resides in Peoria, IL and has been a citizen of Illinois at all relevant times.

5. Defendant, MV Transportation, Inc. ("MV"), is a California corporation headquartered at 2711 North Haskell Ave, Suite 1500, Dallas, TX 75204. MV is registered with the Office of the Illinois Secretary of State and identified Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703 as its registered agent for service of process.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in Illinois pursuant to 735 ILCS 5/2-209, because MVTI conducts business throughout Illinois and has committed tortious acts in Illinois.

7. Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-102, because MVTI is doing business in Cook County or because MVTI has one or more offices in Cook County.

## BACKGROUND AND ENFORCEMENT OF BIPA

8. The Illinois Legislature enacted BIPA to address the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

9. In pertinent part, BIPA provides:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15 (b).

## FACTS

10. At relevant times, as part of its payroll, time-keeping or employment procedures, MVTI recorded, collected, or otherwise obtained the biometrics of its employees working in Illinois.

11. From 2019 to 2020, Plaintiff worked at MVTI's location at 1030 Olympia Drive, Peoria, IL 61615.

12. MVTI required Plaintiff to provide her fingerprint or fingerscan in connection with its payroll/time-keeping/employment system.

3

FILED DATE: 8/11/2020 1:21 PM 2020CH05336

13. MVTI did not inform Plaintiff in writing of the specific purpose and length of term for which it was collecting, storing, and using her biometrics.

14. MVTI did not provide a publicly-available retention schedule and guidelines for permanently destroying Plaintiff's biometrics.

15. Plaintiff did not consent in writing to the collection, storage, use, sale, lease, dissemination, disclosure, redisclosure, or trade of, or for MVTI to otherwise obtain, Plaintiff's fingerprint or associated biometrics

16. Plaintiff did not sign any written release permitting MVTI to collect, capture, or otherwise obtain her fingerprint or fingerscan.

17. Plaintiff does not know what MVTI has done with her biometrics.

18. Plaintiff seeks an Order that: (a) declares that MVTI's conduct violates BIPA; (b) requires MVTI to cease the unlawful activities alleged herein; and (c) awards liquidated damages to Plaintiff and the proposed Class.

## CLASS ALLEGATIONS

19. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of herself and the following class:

> All persons whose fingerprint, fingerscan, or other biometric identifier or biometric information was collected, captured, or otherwise obtained, or disclosed, by MV Transportation within the State of Illinois.

MVTI's officers and directors and any member of the judiciary presiding over this action are excluded from the class.

20. Plaintiff anticipates modifying the proposed class definition, including proposing subclasses where appropriate, after discovery about MVTI's collection of

biometrics and whether such biometrics were shared with any other party, and will do so through either an amended complaint, a motion for class certification, or both pursuant to 735 ILCS 5/2-802 (b).

21. This action is brought and may properly be maintained as a class action. Each element of Section 5/2-801 is satisfied here: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the representative party will fairly and adequately protect the interests of the class, and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

### Numerosity/impracticality of joinder

22. On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. Plaintiff does not know the precise number of class members or their identities, but will obtain those in discovery from MVTI's records or the records of third parties.

### Commonality

23. There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

5

a. Did MVTI collect, capture, or otherwise obtain biometrics from persons in Illinois?

b. Did MVTI use biometrics to identify persons in Illinois?

c. Did MVTI develop and make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with MVTI, whichever occurs first?

d. Did MVTI disclose in writing that it was collecting and storing biometrics at its Illinois locations or facilities?

e. Did MVTI disclose in writing at its Illinois locations or facilities the specific purpose and length of term for which it collected, stored, and used biometrics?

f. Did MVTI obtain a written release before collecting or capturing biometrics at its Illinois locations or facilities?

g. Has MVTI negligently violated BIPA, 740 ILCS 14/15 (a)?

h. Has MVTI intentionally or recklessly violated BIPA, 740 ILCS 14/15 (a)?

i. Has MVTI negligently violated BIPA, 740 ILCS 14/15 (b) (l)?

j. Has MVTI intentionally or recklessly violated BIPA, 740 ILCS 14/15 (b) (l)?

6

k. Has MVTI negligently violated BIPA, 740 ILCS 14/15 (b) (2)?

l. Has MVTI intentionally or recklessly violated BIPA, 740 ILCS 14/15 (b) (2)?

m. Has MVTI negligently violated BIPA, 740 ILCS 14/15 (b) (3)?

n. Has MVTI intentionally or recklessly violated BIPA, 740 ILCS 14/15 (b) (3)?

o. Has MVTI disclosed Plaintiff's or the Class's biometrics to any third party?

p. Has MVTI sold, leased, traded, or otherwise profited from Plaintiff and the Class's biometrics?

q. Should the Court award injunctive relief?

r. Should the Court award attorney's fees and costs?

### Adequacy of representation

24. Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the class she seeks to represent. MVTI collected Plaintiff's biometrics without her informed written consent or release. Plaintiff is committed to the vigorous prosecution of this action and has retained attorneys competent and experienced in complex class action litigation. Plaintiff and her attorneys will fairly and adequately protect the interest of members of the class.

### A class action is the appropriate method for the

**fair and efficient adjudication of the controversy**

25. A class action is the appropriate method for the fair and efficient adjudication of this lawsuit. The likelihood of individual class members prosecuting separate claims is remote. Individual litigation would burden the court system. Relief concerning the rights of the entire class, including Plaintiff, under the laws herein alleged would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## VIOLATIONS OF THE BIOMETRIC INFORMATION PRIVACY ACT, 740 ILCS 14/1, ET SEQ.
### (Damages)

26. Plaintiff incorporates the preceding paragraphs as though fully set forth herein, and brings Count I on behalf of herself and a class of all others similarly situated.

27. BIPA is a remedial statute designed to protect a person's privacy by requiring disclosures and written consent in connection with the collection of biometrics, particularly fingerprints and fingerscans. 740 ILCS 14/5 (g), 14/10.

28. The Illinois Legislature's recognition of the importance of the public policy underpinning its enactment is written in BIPA. *E.g.*, 740 ILCS 14/5 (a), (c), (g).

29. MVTI's acts and omissions, at relevant times, have occurred in the course of trade or commerce in the State of Illinois. MVTI is a "private entity" in possession of Plaintiff's and the other Class members' biometrics, and collected and captured their biometrics, within the meaning of the Act as set forth more fully

8

FILED DATE: 8/11/2020 1:21 PM 2020CH05336

above.

30. During its payroll process, MVTI collected, captured, or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information as defined by BIPA. 740 ILCS 14/10.

31. Section 14/15 (a) of BIPA provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

32. In violation of Section 14/15 (a), MVTI failed to make such a written policy publicly available to Plaintiff and other Class members.

33. Section 14/15 (b) of BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

34. In violation of Section 14/15 (b), MVTI collected, captured, or otherwise obtained Plaintiff's and the other Class members' biometrics without:

9

(i) informing them, in writing, that their biometrics were being collected or stored;

(ii) informing them, in writing, of the specific purpose and length of term for which the biometrics were being collected, stored, and used;

(iii) first obtaining a written release executed by them.

35. MVTI collected Plaintiff and other class members' fingerprints or fingerscans, knowingly caused their biometrics to be collected, captured, or otherwise obtained, without their informed written consent or release, and without making publicly available a retention schedule providing guidelines for permanently destroying biometric identifiers and information.

36. MVTI's above-described conduct was negligent.

37. MVTI's above-described conduct was reckless.

38. As a result of MVTI's conduct, Plaintiff and the Class have been damaged in violation of BIPA, and each class member is entitled to the maximum applicable liquidated damages provided under BIPA for each time MVTI collected, captured, or otherwise obtained his or her biometric identifier or biometric information.

### COUNT II
### VIOLATIONS OF THE BIOMETRIC
### INFORMATION PRIVACY ACT, 740 ILCS 14/1, ET SEQ.
### (Injunctive Relief)

39. Plaintiff incorporates the preceding paragraphs as though fully set forth herein, and brings Count II on behalf of herself and all others similarly situated.

FILED DATE: 8/11/2020 1:21 PM 2020CH05336

40. Injunctive relief is available under BIPA. 740 ILCS 14/20(4).

41. Plaintiff and other Class members are entitled to an order requiring MVTI to make disclosures consistent with BIPA and enjoining further unlawful conduct.

42. Plaintiff seeks an order requiring MVTI to publicly disclose a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS 14/15 (a).

43. Second, Plaintiff seeks an order requiring MVTI to disclose whether it has retained Plaintiff's biometrics, whether any third party has had access to them, and if and when Plaintiff's biometrics were permanently destroyed, consistent with BIPA. Class members are similarly entitled to such relief.

44. Third, due to the above-described facts, and MVTI's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, the Court should: (a) order MVTI to disclose if it has sold, leased, traded, otherwise profited from, or disseminated biometrics, which is strictly prohibited under BIPA; (b) order MVTI to disclose the standard of care that it employed to store, transmit, and protect the biometrics that it collected, scanned or otherwise obtained; and (iii) enjoin MVTI from further BIPA non-compliance. 740 ILCS 14/15(c), (d), (e).

45. Plaintiff and the other class members' legal interests are adverse to

MVTI. There is a substantial controversy between the class and MVTI warranting equitable relief so that the class members may obtain the protections that BIPA entitles them to receive.

46. Plaintiff and the other class members do not know what MVTI has done (or intends to do) with their biometrics. Absent injunctive relief, MVTI is likely to continue its BIPA non-compliance and Plaintiff and other class members will continue to be in the dark on the subject.

47. For the reasons set forth above, Plaintiff is likely to succeed on the merits of her claims.

48. BIPA establishes the importance, value or sensitive nature of biometric identifiers and information, along with the need to protect and control it. Plaintiff is entitled to know what MVTI has done with it as set forth above, and to an affirmation that it has been permanently destroyed as required by 740 ILCS 14/15 (a).

49. The gravity of the harm to Plaintiff and the class absent equitable relief outweighs any harm to MVTI if such relief is granted.

50. As a result, Plaintiff requests commensurate injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

A. Certify the class, and designate Plaintiff as class representative and her counsel as class counsel;

B. Find that MVTI violated BIPA, as alleged above;

C. Award to Plaintiff and the other class members $1,000 in liquidated damages for each time Defendant(s) collected, captured, or otherwise obtained his or her biometric identifier or biometric information in violation of BIPA;

D. If MVTI intentionally or recklessly violated BIPA, then award to Plaintiff and the other class members $5,000 in liquidated damages for each time it collected, captured, or otherwise obtained his or her biometric identifier or biometric information in violation of BIPA;

E. Provide injunctive relief for Plaintiff and the entire class, as set forth above; and

F. Award reasonable attorney's fees and costs, including expert witness fees and other litigation expenses.

### JURY DEMAND

Plaintiff demands a trial by jury as to all matters so triable.

13

FILED DATE: 8/11/2020 1:21 PM 2020CH05336

Dated: August 11, 2020            Respectfully submitted,

RENITA L. BAILEY, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
     One of their attorneys

Phillip A. Bock (ARDC 6224502)
David M. Oppenheim
Molly E. Stemper
BOCK, HATCH, LEWIS & OPPENHEIM, LLC (#44533)
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Tel: (312) 658-5500
service@classlawyers.com